1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9            **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

10

11   HAROON JON MAHSEL,                    Case No. 5:25-cv-03181-JWH-PD

12              Petitioner,

13         v.                             **ORDER GRANTING**
                                          **PETITIONER'S APPLICATION**
14   KRISTI NOEM, Secretary of            **FOR A PRELIMINARY**
     Homeland Security,                   **INJUNCTION [ECF No. 3]**
15   PAMELA J. BONDI, Attorney General
        of the United States,
16   THOMAS GILES, Los Angeles Field
        Office Director, Bureau of
17       Immigration and Customs
         Enforcement,
18   JAMES PILKINGTON, Assistant Field
        Office Director, Adelanto Detention
19       Facility, and
     WARDEN, Geo Group Inc, Adelanto
20       Detention Facility,

21              Respondents.

22

23

24

25

26

27

28

Before the Court is the motion of Petitioner Haroon Jon Mahsel, which the Court treats as an *ex parte* application for a temporary restraining order and a preliminary injunction.[1]  On December 3, 2025, the Court conducted a hearing on Mahsel's Application and issued a temporary restraining order enjoining Respondents from continuing to detain Mahsel and from removing or taking Mahsel from the Central District of California.[2]  In that order, the Court directed Respondents to show cause in writing why a preliminary injunction should not issue.  For the following reasons, the Court now orders that Mahsel's Application for a preliminary injunction is **GRANTED**.

## I.  BACKGROUND

Mahsel was born in Afghanistan in 1980, he entered the United States as a refugee in 1987, and he was eventually granted lawful permanent resident status.[3]  From 1995 to 2005 Mahsel was arrested and convicted of various state crimes in Florida.[4]  In April 2011 an immigration judge ("IJ") ordered Mahsel removed to Afghanistan on the basis of his felony convictions.[5]  The IJ found that Mahsel was statutorily ineligible for asylum, for the withholding of removal under the Act, or for the withholding of removal under the Convention Against Torture.[6]  In October 2023 Mahsel was convicted in the United States District

---

[1]      *See* Pet.'s Mot. for Preliminary Injunction (the "Application") [ECF No. 3].

[2]      *See* Order of Hr'g re Application (the "Order Granting TRO") [ECF No. 9].

[3]      *See* Pet.'s Pet. for Writ of *Habeas Corpus* (the "Petition") [ECF No. 1] 3:2-10.

[4]      Decl. of Cane Langill (the "Langill Declaration") [ECF No. 8-1] ¶¶ 6, 7, & 9-11.

[5]      *Id.* at ¶¶ 12-15; Petition 3:10-11.

[6]      Langill Declaration ¶ 15.

Court for the Eastern District of Washington of violating 18 U.S.C. §§ 922(g)(1) and 924(a)(2)—felon in possession of a firearm—for which he was sentenced to 46 months in prison.[7]  On May 13, 2025, Mahsel was taken into Immigration and Customs Enforcement ("ICE") custody, and, shortly after, ICE began the process of removing Mahsel.[8]  On July 14, 2025, the Government was notified that Afghanistan had denied the request for travel documents for Mahsel.[9]  Most recently, on July 23, 2025, the Government requested three other countries to accept Mahsel's removal.[10]  Respondents, however, have not identified any specific third country to which Mahsel may be removed.

On November 25, 2025, Mahsel filed his Petition, arguing that (1) his continued detention violates his due process protections as established in *Zadvydas v. Davis*, 533 U.S. 678 (2001); (2) his detention violates due process to the extent that it is meant to facilitate removal to a third country without proper notice; and (3) removal to a third country where Mahsel might face imprisonment violates the constitutional prohibition on "punitive" removal practices.[11]  On that same day, Mahsel filed his instant Application.[12]  The Court conducted a hearing on the Application, and, for the reasons stated in open court, the Court granted a temporary restraining order directing Respondents to release Mahsel forthwith and enjoining Respondents from removing Mahsel or from taking him from the Central District of California.[13]  As part of that order,

---

[7]     *Id.* at ¶ 16.

[8]     *Id.* at ¶¶ 19 & 20.

[9]     *Id.* at ¶ 22.

[10]    *Id.* at ¶ 24.

[11]    *See* Petition.

[12]    *See* Application.

[13]    Order Granting TRO.

the Court also directed Respondents to show cause in writing why a preliminary injunction should not issue.

## II. ANALYSIS

In response to that order to show cause, Respondents represented that Mahsel was released on December 3, 2025—the same day that the Court issued the temporary restraining order—and argued that Mahsel's release moots the preliminary injunction.[14]  While Respondents are correct that Mahsel has received his requested relief in the form of his release, the Court is not convinced that Mahsel's release moots his request for a the preliminary injunction, particularly given its non-final nature.  "Under Supreme Court and Ninth Circuit precedent, temporary relief, up to and including a petitioner's release, does not render a case moot."  *Tang v. Bondi*, 2025 WL 3551381, at *2 (W.D. Wash. Dec. 11, 2025) (concluding that a preliminary injunction ordering the petitioner's release on *Zadvydas* grounds did not moot the petition).  Here, unless the Court issues a preliminary injunction, Mahsel will face the threat of re-arrest and detention upon the expiration of the temporary restraining order. *See Nielsen v. Preap*, 586 U.S. 392, 403 (2019).  Accordingly, for the same reasons that the Court granted the temporary restraining order, the Court now **GRANTS** a preliminary injunction.  *See Lockheed Missile & Space Co. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995).

## III. DISPOSITION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1.      Mahsel's Application for a preliminary injunction is **GRANTED**.

2.      Respondents are **PRELIMINARILY ENJOINED** from detaining Mahsel for the purpose of removing him pursuant to his final removal order unless and until:

---

[14]      *See* Resps.' Resp. to the Order Granting TRO [ECF No. 10].

    a.  Respondents provide the Court with evidence sufficient to show that there is significant likelihood that Mahsel will be removed in the reasonably foreseeable future;

    b.  Mahsel violates a term of his order of supervision; or

    c.  Respondents otherwise obtain the Court's approval.

  3.  This Order shall remain in effect until further order of the Court.

**IT IS SO ORDERED.**

Dated: December 18, 2025

John W. Holcomb
UNITED STATES DISTRICT JUDGE