UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROON JON MAHSEL,<br><br>              Petitioner,<br><br>    v.<br><br>KRISTI NOEM, et al.,<br><br>              Respondents. | Case No. 5:25-cv-03181-PD<br><br>**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS** |

On November 25, 2025, Haroon Jon Mahsel ("Petitioner"), filed a counseled Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 asserting three grounds for relief: (1) his continued detention violates his due process protections as established in *Zadvydas v. Davis*, 533 U.S. 678 (2001); (2) his detention violates due process to the extent that it is meant to facilitate removal to a third country without proper notice; and (3) removal to a third country where Petitioner might face imprisonment violates the constitutional prohibition on "punitive" removal practices.  Dkt. No. 1 at 4-8.  Petitioner also filed a motion for a preliminary injunction and for a temporary restraining order ("TRO").  Dkt. No. 3.

On December 3, 2025, the District Judge granted Petitioner's application for a TRO and ordered Petitioner released and directed Respondents to show cause why the Court should not issue a preliminary injunction. Dkt. No. 9. Respondents filed a response arguing that since Petitioner was released from custody, the requested relief in the preliminary injunction and habeas petition are moot. Dkt. No. 10. On December 18, 2025, the District Judge granted Petitioner's application for a preliminary injunction enjoining Respondents from detaining Petitioner for the purpose of removing him pursuant to his final removal order unless and until: (a) Respondents provide the Court with evidence sufficient to show that there is significant likelihood that Petitioner will be removed in the reasonably foreseeable future; (b) Petitioner violates a term of his order of supervision; or (c) Respondents otherwise obtain the Court's approval. *See* Dkt. No. 12.

On March 20, 2026, the Court issued an Order ordering the parties to file status reports regarding their respective positions on the issues that remain to be decided in the underlying Petition. Dkt. No. 13.

On March 26, 2026, Petitioner filed a Response arguing that the question of mootness was resolved in Petitioner's favor by the District Judge, that the Court should order Respondents to file an Answer, that Petitioner is entitled to relief on Claims 1 through 3, and that Respondents should be permanently enjoined. Dkt. No. 14. Respondents did not file a response.

On April 9, 2026, the Court issued an Order to Show Cause why the preliminary injunction relief entered by the district judge should not be immediately converted to final judgment on the merits for the same reasons and on the same terms provided in the order granting such preliminary relief. Dkt. No. 15.

At the hearing on April 20, 2026, Respondents stated they have no objection to the preliminary injunctive relief being converted to final judgment

on the merits; however, they argued that the Petition is now moot.  Dkt. No. 19.  For the reasons discussed below, the Petition is granted in part as to the first Claim under *Zadvydas v. Davis*, 533 U.S. 678 (2001) and 8 U.S.C. § 1231(a) and the remaining two claims are dismissed without prejudice.

## II.   Background[1]

Petitioner was born in Afghanistan in 1980, he entered the United States as a refugee in 1987, and he was eventually granted lawful permanent resident status.  Dkt. No. 1, Petition at 3.  From 1995 to 2005, Petitioner was arrested and convicted of various state crimes in Florida.  Dkt. No. 8-1, Respondent's Opposition to TRO, Declaration of Cane Langill ("Langhill Decl.") ¶¶ 6, 7, 9-11.  In April 2011, an immigration judge ("IJ") ordered Petitioner removed to Afghanistan on the basis of his felony convictions.  Petition at 3[2]; Langhill Decl.  ¶¶ 12-15.  The IJ found that Petitioner was statutorily ineligible for asylum, for the withholding of removal under the Act, or for the withholding of removal under the Convention Against Torture.  *Id.* ¶ 15.

In October 2023 Petitioner was convicted in the United States District Court for the Eastern District of Washington of violating 18 U.S.C. §§ 922(g)(1) and 924(a)(2)—unlawful possession of a firearm by a felon—for which he was sentenced to 46 months in prison.  *Id.* ¶ 16.  On May 13, 2025, Petitioner was taken into Immigration and Customs Enforcement ("ICE") custody, and, shortly thereafter ICE began the process of removing Petitioner.  *Id.* ¶¶ 19, 20.  On July 14, 2025, the Government was notified that

[1] The facts are taken from the Order Granting Petitioner's Application for a Preliminary Injunction.  *See* Dkt. No. 12.

[2] The Court uses the page numbers inserted into the pleadings by the Court's electronic filing system.

Afghanistan had denied the request for travel documents for Petitioner. *Id.* ¶ 22. On July 23, 2025, the Government requested three other countries to accept Petitioner's removal. *Id.* ¶ 24. Respondents, however, have not identified any specific third country to which Petitioner may be removed. *See* Petition.

## I. Discussion

### A. The Petition is Not Moot

Respondents in their papers, and at the hearing, argued that this case should be dismissed on the grounds that this action is moot now that Petitioner has been released. Dkt. Nos. 10, 19. The Petition is not moot. The granting of a preliminary injunction does not moot the merits of a habeas petition. *See Nielsen v. Preap*, 586 U.S. 392, 403 (2019) (plurality opinion stating that an immigration detainee's release on bond following a preliminary injunction did not moot a habeas petition where the preliminary injunction had not been made permanent); *accord Cruz v. Lyons*, 2025 WL 3443146, at *2 (C.D. Cal. Dec. 1, 2025); *Ortiz Martinez v. Wamsley*, 2025 WL 2899116, at *3-4 (W.D. Wash. Oct. 10, 2025).

The preliminary injunctive relief granted in the present case to preserve the status quo pending a final adjudication of the Petition would not be of any continuing legal effect if this case were closed without further action or judgment. *See M.V.F. v. Santacruz*, 2026 WL 127740, at *3 (C.D. Cal. Jan. 6, 2026) ("Petitioner here ... has legitimate reason to believe that his future detention is likely. And Respondents cite no change in detention practices that support a finding that a future detention would abide by the procedural requirements that Petitioner alleges were not met. To that end, the likelihood of future harm to Petitioner, absent a preliminary injunction and a final disposition in his favor, is neither remote nor ephemeral."). Respondents have failed to demonstrate that "subsequent events ma[k]e it absolutely clear that

the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) (internal quotation marks omitted).

Significantly, the District Judge in this case decided that Petitioner's release did not moot further proceedings in this case. *See* Dkt. No. 12 at 4. Other judges of this Court have reached the same conclusion in similar circumstances. *See, e.g., Im v. Semaia*, 2026 WL 183856, at *1 (C.D. Cal. Jan. 23, 2026) ("If the petition is not adjudicated on the merits, Petitioner faces a risk of future re-detention in the same manner that this Court barred through preliminary relief."); *Wengeng v. Marin,* 2026 WL 1123446, at *1 (C.D. Cal. April 20, 2026*); Carballo v. Semaia*, 2026 WL 381608 (C.D. Cal. Feb. 10, 2026); *but see Hernandez Trujillo v. Janeka*, 2026 WL 84314 (C.D. Cal. Jan. 12, 2026).  Accordingly, because Respondents released Petitioner only after being ordered by the Court to do so, and because they offer no assurances that he would not be illegally re-detained, this case is not moot.

On the merits of the Petition, for the same reasons as set forth in the Order Granting Petitioner's Application for a Preliminary Injunction, Dkt. No. 12, the Court Orders that:

(1) Petitioner is entitled to habeas relief and grants habeas relief as to Claim I of the Petition and dismisses without prejudice Claims II and II;[3]

(2) Judgment be entered granting the Petition in part;

(3) Respondents are ordered to refrain from re-detaining Petitioner solely for the purpose of effectuating his removal until there is a "significant likelihood of removal in the reasonably foreseeable future". *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001);

(4) Respondents are ordered to refrain from re-detaining Petitioner

---

[3] As the Petition is granted on Claim I, the Court declines to address the procedural claim in Claim II and the third country claim in Claim III of the Petition.

5

without following the procedural safeguards in 8 C.F.R. §§ 241.4 and 241.13; and

(5) Respondents are ordered to refrain from removing Petitioner to any country, without first following the procedures set forth in 8 U.S.C. § 1231(b).

DATED: April 28, 2026

*Patricia Donahue*

Patricia Donahue
United States Magistrate Judge

6